# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARREN L. MILLER,                    )
                                     )
        Plaintiff,              )
                                     )   **Civil Action No. 1:19-cv-339**
     v.                         )
                                     )
AMANDA HARTWELL, *et al.,*            )
                                     )
        Defendants.             )

## MEMORANDUM ORDER

Currently before the Court in this civil action is Plaintiff's request for a temporary restraining order or preliminary injunction. ECF No. 1. Plaintiff claims that, following an injury that he sustained on September 12, 2019 at SCI-Albion, he has been unable to walk and is in severe pain. He further states that he has been unable to shower since early October 2019 and has been denied grievance forms and legal materials while in the RHU. As relief, Plaintiff requests an order directing Defendants to: (i) undertake additional medical testing relative to his complaints of immobility, (ii) provide him a wheelchair so that he can shower, and (iii) provide grievance forms as well as his legal materials and access to the law library.

A preliminary injunction is an extraordinary remedy granted only in limited circumstances. *Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 131 (3d Cir. 2017). "[B]ecause of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution." *Steedley v. McBride*, 530 F. App'x 101, 103 (3d Cir. 2013). Here, Plaintiff has failed to establish either of the "gateway" factors that are prerequisites to injunctive relief. *See Fulton v. City of Phila.*, 922 F.3d 140, 152 (3d Cir. 2019)

(enumerating factors); *Corp. Synergies Grp., LLC v. Andrews*, 775 F. App'x 54, 58 n. 5 (3d Cir. 2019) (same).

First, Plaintiff has failed to demonstrate a likelihood of success on the merits of his claim. *See Fulton,* 922 F.3d at 152; *Corp. Synergies Grp.,* 775 F. App'x at 58 n.5. The gravamen of Plaintiff's complaint is an Eighth Amendment claim that Defendants have displayed deliberate indifference to his serious medical needs. *See Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). However, the credible testimony of Nurse Jerri Smock and Dr. Lisa Baird strongly suggests that Plaintiff's alleged inability to walk is volitional rather than the result of an underlying pathology. It is therefore unlikely that Plaintiff will be able to establish a serious medical need relative to his alleged inability to ambulate. In addition, the record shows that Plaintiff has received constitutionally adequate medical care in response to his complaints, including numerous forms of testing and Tylenol. Although Plaintiff believes that more testing should be ordered, his "mere disagreement" with Defendants "as to the proper medical treatment does not support a claim of an eighth amendment violation[.]" *Pearson v. Prison Health Serv.,* 850 F.3d 526, 535 (3d Cir. 2017) (internal quotation marks and citation omitted)

Second, Plaintiff has not shown any likelihood that he will suffer irreparable harm in the absence of injunctive relief. The credible evidence suggests that Plaintiff's neurological and musculoskeletal functioning is intact, and he can ambulate adequately when he so chooses. Plaintiff has been given Tylenol to address complaints of pain. Defense counsel has agreed to investigate Plaintiff's complaints about his lack of shower access. Defense counsel will also ensure that Plaintiff has access to such legal materials as are permissible in the RHU. Accordingly, Plaintiff's most exigent needs have been met.

Based upon the foregoing reasons, which constitute the Court's findings of fact and conclusions of law, IT IS HEREBY ORDERED, this 10th day of December, 2019, that Plaintiff's request for a temporary restraining order and/or injunctive relief is DENIED.

SUSAN PARADISE BAXTER
United States District Judge