IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARREN L. MILLER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No. 1:19-cv-339 |
| v. | ) |
| | ) |
| **AMANDA HARTWELL,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM ORDER**

This civil action was brought by Darren L Miller, a former inmate at the State Correctional Institution at Albion ("SCI-Albion"), against Dr. Amanda Hartwell ("Hartwell"), Paul Ennis ("Ennis"), Jerri Smock ("Smock"), and Unit Manager Santos ("Santos"), all of whom were employed at SCI-Albion during times relevant to this litigation. The gravamen of Plaintiff's complaint was that the Defendants displayed deliberate indifference to his serious medical needs after he sustained an injury on September 12, 2019 as the result of "falling down the metal steps" of his bunkbed. ECF No. 1, (III) ¶1. Plaintiff claimed that his injury had left him in severe pain and unable to walk. *Id.,* (III) ¶¶1-2. He further alleged that he had been unable to shower since early October 2019 and was denied grievance forms and legal materials while in the RHU at SCI-Albion. *Id.,* (III) ¶3. As relief, Plaintiff requested an order directing Defendants to: (i) undertake additional medical testing relative to his complaints of immobility, (ii) provide him a wheelchair so that he can shower, and (iii) provide grievance forms as well as his legal materials and access to the law library. *Id.* at (V).

Because Plaintiff lodged his complaint without paying the filing fee or submitting an application to proceed *in forma pauperis,* the Court administratively closed this matter on

1

December 10, 2019, pending Plaintiff's submission of the requisite *i.f.p.* forms or payment of the $400.00 fees. ECF No. 5.

In the interim, the Court held a telephonic hearing on Plaintiff's motion for a temporary restraining order or preliminary injunction. ECF No. 2. On December 10, 2019, the same day that the Court administratively closed this matter, it issued a Memorandum order denying Plaintiff's motion. ECF 4. After crediting testimony from Nurse Jerri Smock and Dr. Lisa Baird, the Court found that Plaintiff was unlikely to succeed on his Eighth Amendment claim, because: (a) the credible evidence strongly suggested that his alleged inability to walk was volitional rather than the result of an underlying pathology, and (b) the evidence suggested that Plaintiff had received constitutionally adequate medical care in response to his complaints, including numerous forms of testing and Tylenol. Based on this same evidence, the Court concluded that Plaintiff had not met his burden of establishing a likelihood of irreparable harm in the absence of injunctive relief because:

> [t]he credible evidence suggests that Plaintiff's neurological and musculoskeletal functioning is intact, and he can ambulate adequately when he so chooses. Plaintiff has been given Tylenol to address complaints of pain. Defense counsel has agreed to investigate Plaintiff's complaints about his lack of shower access. Defense counsel will also ensure that Plaintiff has access to such legal materials as are permissible in the RHU. Accordingly, Plaintiff's most exigent needs have been met.

ECF No. 4 at 2.

Over the course of the ensuing four months, Plaintiff resubmitted three separate motions for leave to proceed *in forma pauperis*. ECF Nos. 8, 11, and 13. After Plaintiff submitted the required statement from his institutional inmate account, he was granted *in forma pauperis* status on April 22, 2020. ECF No. 14. His original complaint was filed of record that same day, with

instructions that Plaintiff submit the necessary USM-285 forms for purposes of effectuating service of the complaint.  ECF No. 17, 19.

On April 23, 2020, Plaintiff's original motion for a temporary restraining order and preliminary injunction were refiled at ECF No. 20.  Not realizing that this motion was the same one that had previously been ruled upon, the Court initially scheduled a hearing on the motion, then noticed Plaintiff of the cancelling of the hearing and indicated that the hearing would be rescheduled by separate order.  ECF No. 22 and 24.

It is now clear, however, that the motion for a TRO and/or preliminary injunction that is pending at ECF No. 20 is moot by virtue of the fact that the Court previously addressed this motion.  Moreover, Plaintiff has since been transferred to the State Correctional Institution at Fayette ("SCI-Fayette"), where he is currently housed. *See* ECF No. 12.  The alleged events that gave rise to Plaintiff's requests for injunctive relief cannot logically recur – at least not by the individuals named as Defendants in this lawsuit -- now that Plaintiff is housed at a different correctional institution.  Therefore, Plaintiff's request for prospective injunctive relief as against the named Defendants are moot for that reason as well.  *See Sutton v. Rasheed,* 323 F.3d 236, 248 (3d Cir.2003) (an action is moot if "there is no reasonable expectation that the wrong will be repeated") (citation omitted).[1]

Accordingly, based upon the foregoing reasons, the following Order is entered:

NOW, this 18th day of May, 2020, IT IS ORDERED that the motion for a temporary restraining order/ preliminary injunctive relief pending at ECF No. [20] shall be, and hereby is, DISMISSED as moot.  In addition, pursuant to the authority granted to this Court under 28

---

[1] Of course, in the event Plaintiff endures similar alleged wrongdoing at SCI-Fayette at the hands of different prison officials, he can assert those claims in a separate lawsuit.

U.S.C. §1915(e)(2), IT IS ORDERED that Plaintiff's requests for injunctive and/or declaratory relief, as set forth in Section V of his Complaint ("Relief Sought"), ECF No. 19, shall be, and hereby are, DISMISSED as moot, because the events that allegedly occurred at SCI-Albion are not likely to recur now that Plaintiff is being housed at a different correctional institution.

In addition, to the extent Plaintiff has sued the Defendants in official capacities, IT IS ORDERED that Plaintiff's official capacity claims for compensatory and punitive damages are dismissed for lack of subject matter jurisdiction, as those claims are barred by the Eleventh Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Lyter v. Pennsylvania State Police*, No. CV 19-664, 2019 WL 3063529, at *4 (E.D. Pa. July 11, 2019).

Plaintiff's requests for compensatory and punitive damages still remain in the case at this point, to the extent they are being asserted against the Defendants in their individual capacities. Accordingly, IT IS ORDERED that service of the Plaintiff's complaint will proceed, with respect to those claims, in accordance with the Court's previous orders.

_____
SUSAN PARADISE BAXTER
United States District Judge