**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DARREN L. MILLER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 1:19-cv-339** |
| **v.** ) | |
| ) | |
| **AMANDA HARTWELL,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM ORDER**

Plaintiff Darren L Miller, a former inmate at the State Correctional Institution at Albion ("SCI-Albion"), filed this civil rights action against Dr. Amanda Hartwell ("Hartwell"), Paul Ennis ("Ennis"), Jerri Smock ("Smock"), and Unit Manager Santos ("Santos"), all of whom were employed at SCI-Albion during times relevant to this litigation.  In his operative pleading, ECF No. 19, Plaintiff alleges that the Defendants displayed deliberate indifference to his serious medical needs after he sustained an injury on September 12, 2019 as the result of "falling down the metal steps" of his bunkbed.  Plaintiff further states that he has been unable to shower since early October 2019 and was denied grievance forms and legal materials while in the RHU at SCI-Albion.  Liberally construed, he appears to be asserting the violation of his rights under the First, Eighth, and Fourteenth Amendments to the U.S. Constitution.

On September 17, 2020, Defendants Ennis, Smock, and Santos (the "DOC Defendants") filed a motion to dismiss the complaint.  ECF No. 45.  Four days later, Defendant Hartwell filed a motion to dismiss or, in the alternative, for summary judgment.  ECF No. 49.  In accordance with *Renchenski v. Williams*, 622 F.3d 315 (3d Cir. Oct. 4, 2010), Plaintiff was advised that the pending motions could be treated, in whole or in part, as motions for summary judgment

1

pursuant to Federal Rule of Civil Procedure 56.  Plaintiff was further advised about the import of

Rule 56 and his ability to respond by way of sworn affidavits and/or declarations.  In addition,

the Court set forth the full content of Rule 56 in its briefing order.  See ECF No. 52.  Plaintiff

was given until October 12, 2020 to file a response.  Id.

Plaintiff subsequently sought an extension of that deadline, ECF No. 54, and the Court

complied.  ECF No. 55.  By order entered on October 15, 2020, the Court directed Plaintiff to

respond to the pending motions on or before November 16, 2020.  ECF No. 55.  To date,

Plaintiff has failed to respond to the pending motions.  Accordingly,

IT IS ORDERED this 12th day of March, 2021, that Plaintiff shall show cause, on or

before **April 2, 2021** for his failure to respond to the Defendants' pending motions.  In lieu of

showing cause, Plaintiff may file his response(s) on or before **April 2, 2021** and the Court will

excuse his default.  In the event Plaintiff files his response by the aforementioned deadline, the

Defendants may file their replies on or before **April 9, 2021**.

**Plaintiff is advised that his failure to respond or show cause by __April 2, 2021__ may**
**result in the Court dismissing his case for failure to prosecute or, alternatively, may result**
**in the Court issuing a ruling on the basis of the record as it presently stands**.

_____
SUSAN PARADISE BAXTER
United States District Judge

2