IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARREN L. MILLER, | ) |
| | ) |
|      **Plaintiff,** | ) |
| | )   Civil Action No. 1:19-cv-339 |
|   v. | ) |
| | ) |
| AMANDA HARTWELL, *et al.*, | ) |
| | ) |
|      **Defendants.** | ) |

## MEMORANDUM ORDER

Pending before the Court in the above-captioned matter is Plaintiff's Motion for an Order Compelling Discovery, ECF No. [105]. The Court having reviewed Plaintiff's memorandum in support of the motion, ECF No. [106], and having also heard argument on the matter, the following Order is entered:

NOW, this 31st day of January 2023, for the reasons set forth in more detail on the record during the telephonic motion hearing held this same date, IT IS ORDERED that Plaintiff's Motion for an Order Compelling Discovery, ECF No. [105] is GRANTED in part as follows:

1. With respect to Plaintiff's First Set of Document Requests #1 and #2 (pertaining to Plaintiff's medical records), counsel for the DOC Defendants shall contact the relevant personnel at SCI-Fayette to ensure that Plaintiff receives at least one hour within which to examine the medical records that have been produced thus far. Plaintiff shall be prepared to identify for the records custodian any specific dates as to which he is requesting to review relevant medical documentation.

2. With respect to Plaintiff's First Set of Document Requests #4 (pertaining to Plaintiff's housing restriction records), Plaintiff shall provide to defense counsel forthwith a sample of the type of "Housing Locator Form" or other record he is seeking to obtain, and defense counsel shall make inquiries with the relevant DOC personnel in an effort to obtain such information for Plaintiff relative to the time period in question.

3. With respect to Plaintiff's First Set of Document Requests #5 (pertaining to video footage of Plaintiff's September 12, 2019 accident), counsel for the DOC Defendants shall inquire with the relevant DOC officials as to the existence and availability of such footage.

4. With respect to Plaintiff's Second Set of Document Requests #1 (pertaining to DC-14 / DC-15 and 17X block files), counsel for the DOC Defendants shall produce the housing/bunk assignment information that counsel referenced during the Court's telephonic motion hearing for the months in question.

5. With respect to Plaintiff's Second Set of Document Requests #8 (pertaining to the petition for Plaintiff's transfer from SCI-Albion to SCI-Fayette), counsel for the DOC Defendants shall revisit Plaintiff's request for the purpose of determining whether it is possible to produce an appropriately redacted version of the transfer petition.

6. With respect to Plaintiff's Second Set of Document Requests #9 (pertaining to the medical/infirmary log book from September 2019 to February 21, 2020), defense counsel shall identify for Plaintiff what physician and/or other medical staff were on duty at SCI-Albion on September 13, 2018.

IT IS FURTHER ORDERED that, in all other respects, Plaintiff's Motion for an Order Compelling Discovery, ECF No. [105], shall be, and hereby is, DENIED. With respect to Plaintiff's Second Set of Document Requests #4-7 (pertaining to medical-related and housing-related grievances, from 2012 to present), the Court credits defense counsel's representation that Plaintiff was previously provided sixty-seven (67) pages of discovery consisting of his prior grievances for medical and housing-related issues. The Court has reviewed Plaintiff's cited authority, *i.e., Paluch v. Dawson*, Case No. 1:CV-06-1751, 2008 U.S. Dist. LEXIS 54636 (M.D. Pa. July 17, 2008), and finds that the aforementioned decision does not support Plaintiff's request in this case for discovery materials dating back to 2012, nor does it support Plaintiff's request for grievances that have been submitted by other inmates, based on the distinguishable facts of this civil action. Accordingly, Defendants' objections to the requested discovery, beyond

that which has already been produced, is well-taken, as Plaintiff's discovery request is both overbroad and would require the production of material that is considered contraband under DOC policy. *See* 2018 Inmate Handbook, p. 28, § D(3)(o). *See also* Department Policy DC-ADM 003, "Release of Information Policy," Section IV, subsection A.5. ("An inmate is prohibited from receiving inmate information pertaining to another inmate other than him/herself.")

To the extent any party is requesting an extension of the discovery deadline, IT IS ORDERED that such request is DENIED, except that defense counsel shall produce all outstanding discovery material, as referenced above, on or before **February 15, 2023**.

IT IS FURTHER ORDERED that the Court's pretrial schedule for the filing of Rule 56 motions is amended as follows:

1. Motions for summary judgment shall be filed on or before **March 15, 2023**;

2. Responses in opposition to any motion for summary judgment shall be filed on or before **April 14, 2023**;

3. Replies in support of motions for summary judgment shall be due on or before **April 28, 2023**.

All summary judgment filings shall be in compliance with Federal Rule of Civil Procedure 56 as well as Local Civil Rule 56. As a courtesy to Plaintiff, copies of these rules shall be included in the mailing of this Memorandum Order.

*/s/ Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge