IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARREN L. MILLER,** | ) |
| **Plaintiff,** | ) Case No. 1:19-cv-339 |
| v. | ) |
| **AMANDA HARTWELL,** *et al.*, | ) |
| **Defendants.** | ) |

**MEMORANDUM OPINION**

**Susan Paradise Baxter, United States District Judge**

Plaintiff Darren L. Miller, a former inmate at SCI-Albion, commenced this action pursuant to 42 U.S.C. §1983 to redress the alleged violations of his federal civil rights. Pending before the Court are two motions for summary judgment filed by the named Defendants. Plaintiff has failed to respond to these motions or otherwise show cause for his delinquency. As a result, the case will be dismissed based on Plaintiff's failure to prosecute his claims.

**I.    INTRODUCTION**

The operative pleading in this case is Plaintiff's Amended Complaint, which was filed on March 29, 2021, and docketed at ECF No. [67].[1] Plaintiff's Amended Complaint included four counts against Corrections Health Care Administrator Jeri Smock, Deputy Superintendent Paul Ennis, Unit Manager Joseph Santos (collectively, the "DOC Defendants"), and Dr. Amanda Hartwell. At this juncture, the following claims remain:

- Plaintiff's Eighth/Fourteenth Amendment claims that Defendants Hartwell, Santos, and Smock were deliberately indifferent to his serious medical needs

---

[1] Although docketed as a "Proposed Amended Complaint," ECF No. [67], the Court accepted Plaintiff's amended pleading *sua sponte* and *nunc pro tunc* and allowed it to remain docketed at ECF No. 67. *See* Text Order at ECF No. [72].

1

   when they ignored doctors' orders that Plaintiff be housed in a bottom tier cell and assigned a bottom bunk (Count I);

- Plaintiff's Eighth/Fourteenth Amendment claims that Defendants Hartwell, Smock, and Ennis were deliberately indifferent to his serious medical needs when they improperly deprived him of medical care for non-medical reasons (Count II);[2]

- Plaintiff's Eighth/Fourteenth Amendment claims that Defendant Hartwell was deliberately indifferent to his serious medical needs when she denied him access to the showers (Count III);

- Plaintiff's First Amendment claims that Hartwell violated his right to access the courts and petition the government for a redress of grievances (also Count III); and

- Plaintiff's Eighth/Fourteenth Amendment claims that Defendant Hartwell was deliberately indifferent to his serious medical needs when she deprived him of pain medication and intentionally ignored his sick calls (Count IV).

*See* ECF No. [88] and [89].

   In May of 2023, following the close of discovery, the DOC Defendants and Defendant Hartwell filed their respective motions for summary judgment. ECF Nos. 116-119 and 120-122. Based on Plaintiff's representations that he had not received certain Rule 56 filings, ECF Nos. 123 and 126, the Court first extended his response deadline and then subsequently held a telephonic conference to resolve the service issue. ECF Nos. 124, 125, 127, 128. During the Court's July 7, 2023 status conference, Plaintiff reiterated that he had not received full service of the Defendants' summary judgment filings. He also alleged the Defendants' failure to comply with a January 31, 2023 order docketed at ECF No. 109, which directed that Plaintiff be

---

[2] After the DOC Defendants filed a Rule 12(b)(6) motion, the Court dismissed certain claims against them, including Plaintiff's Fourteenth Amendment claims. *See* ECF Nos. 88 and 89. Because Defendant Hartwell did not file a Rule 12 motion in response to the Amended Complaint, the Fourteenth Amendment claims against her are technically still pending.

2

permitted to review his medical records.  Deputy Attorney General Amelia Goodrich -- one of the DOC Defendants' attorneys -- agreed to investigate these complaints.

In a report filed that same day, Ms. Goodrich confirmed that Smart Communications[3] had forwarded incomplete parts of the Defendants' Rule 56 filings to SCI-Fayette, where Plaintiff was then housed.  ECF No. 129 at 2.  Ms. Goodrich arranged with Administrative Officer Lois Allen to mail duplicate copies of all Rule 56 filings directly to Ms. Allen, who would then provide them to Plaintiff, along with an Acknowledgement of Receipt form for Plaintiff to sign.  Ms. Goodrich indicated that she would file the signed Acknowledgement of Receipt form, once she received it, as a certification to the Court that service had been properly effectuated.

With respect to the issue of Plaintiff's medical records, Ms. Goodrich confirmed with Ms. Allen that inmates always retain the right to review their medical records; they need only submit an "Inmate's Request to Staff" on the matter.  This then results in the inmate being scheduled for an hour-long appointment in the medical department, at which time the inmate may review and (if desired) purchase copies of his medical records.  ECF No. 129 at 3.  Ms. Goodrich confirmed that she had notified prison personnel, both on February 1, 2023 and again on July 7, 2023, that Plaintiff would be making such a request.  But at least as of July 7, 2023, Plaintiff had not submitted an inmate request form to schedule a review of his records.  *Id*.

One week after filing her July 7, 2023 status report, Ms. Goodrich submitted her notice of compliance with the Court's service directive.  Ms. Goodrich confirmed that all summary judgment filings relating to both Rule 56 motions had been reprinted and mailed to Ms. Allen at

---

[3] Smart Communications is the DOC's contracted processor of non-privileged inmate mail.  In that capacity, it scans nonprivileged correspondence and provides an electronic copy that is then printed and delivered to prisoners at their respective facilities.  *See Travillion v. Pennsylvania Dep't of Corr*., No. 1:18-CV-02075, 2023 WL 6796538, at *2 (M.D. Pa. Oct. 13, 2023)) (citing Policy Statement DC-ADM 803: Inmate Mail & Incoming Publications, §§ 1(A)(3), (4), 1(C)(1)-(5) (Oct. 3, 2018)).

3

SCI-Fayette. ECF No. 131. Counsel submitted a verification from Ms. Allen that Plaintiff had been given an opportunity to confirm his receipt of the documents on July 12, 2023, but he declined to do so. ECF No. 131; *see also* ECF No. 132.

Having thus ensured Plaintiff's receipt of all Rule 56 filings, the Court held another conference on July 25, 2023. The Court directed Plaintiff, both on the record and in a follow-up order, to submit an inmate request to prison staff for the purpose of reviewing his medical records. Defense counsel was directed to follow up with appropriate corrections officials to ensure that Plaintiff would be given an opportunity to review his records. ECF Nos. 133, 134. The Court also established September 22, 2023 as Plaintiff's deadline for responding to the pending Rule 56 motions. *Id*.

Despite these orders, the Court did not receive any substantive response from Plaintiff to the Defendants' motions. Instead, on September 28, 2023, the Clerk received an envelop from Plaintiff with no contents inside, and made a note to that effect on the docket. ECF No. 138.

On November 16, 2023, the Clerk docketed a notice from Plaintiff that his address had changed from SCI-Fayette to a private residence. In light of this change, the Clerk mailed Plaintiff a copy of the "Remark" docketed at ECF No. 138.

Next, because of Plaintiff's ongoing failure to submit any response to the pending summary judgment motions, the Court entered another order on January 3, 2024. In that order, the Court directed Plaintiff to show cause on or before January 31, 2024 why his case should not be dismissed for a failure to prosecute and/or why the Court should not rule upon the pending Rule 56 motions without the benefit of Plaintiff's response. Plaintiff was advised that, in lieu of showing cause, he could respond to the pending motions by January 31, 2024. Given the age of this case and the fact that Plaintiff was served with the Rule 56 motions no later than July 12,

4

2023, *see* ECF No. [131] and [131-1], the Court indicated that no further extensions of time would be granted.  Additionally, Plaintiff was advised that his failure to either show cause or respond to the pending Rule 56 motions by February 1, 2024 might result in the Court issuing a ruling without the benefit of his response or dismissing his claims for failure to prosecute.

As of this writing, Plaintiff has not responded to the pending motions or shown cause for his failure to do so.

## II.     DISCUSSION

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a civil action may be involuntarily dismissed where the plaintiff "fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); *see Brownlee v. Monroe Cty. Corr. Facility*, No. 19-3169, 2020 WL 3055829, at *2 (3d Cir. June 9, 2020) (citation omitted); *Shields v. Comm'r of Soc. Sec.*, 474 F. App'x 857, 858 (3d Cir. 2012).  In determining whether to dismiss a complaint under Rule 41(b), courts consider the six factors laid out in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863 (3d Cir. 1984), to wit:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party ... was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id*. at 878; *see Brownlee*, 2020 WL 3055829, at *2.  "Each factor need not be satisfied for the trial court to dismiss a claim."  *Ware v. Rodale Press, Inc*., 322 F.3d 218, 221 (3d Cir. 2003).  The Court's analysis follows.

5

*The Extent of Plaintiff's Personal Responsibility*

In this case, Plaintiff is proceeding *pro se*. He therefore bears sole personal responsibility for his own failure to diligently prosecute his case. This factor weighs in favor of dismissal.

*Prejudice to the Defendants*

At this point in time, more than four years has elapsed since the commencement of this action, and the Defendants are still awaiting resolution of their Rule 56 motions, which have remained pending since May 2023. Even taking into account Plaintiff's prior excusable delinquency resulting from complications with the Smart Communications mailing system, the Court notes that more than six months have elapsed since Defendants certified that their moving papers were successfully served through special arrangements with Administrative Officer Lois Allen. Plaintiff's continued failure to comply with the Court's response deadline has unquestionably impeded Defendants' ability to advance this litigation or otherwise bring it to a just and efficient resolution. This delay has significantly prejudiced the Defendants -- a consideration that also weighs in favor of dismissal.

*Plaintiff's History of Dilatoriness*

This civil action involves fairly standard, "garden variety" Section 1983 claims which have been pending for more than four years. A substantial part of this delay, particularly in recent months, is attributable to Plaintiff's dilatoriness.

In September of 2020, after the Defendants moved to dismiss Plaintiff's original complaint, the Court directed Plaintiff to file a response by October 12, 2020. ECF No. 52. After receiving an extension of time, ECF No. 55, Plaintiff still had not responded to the motions by March 12, 2021, requiring the Court to issue a "show cause" order. ECF No. 62. Plaintiff

then filed an amended pleading and, after the DOC Defendants again moved to dismiss his claims, he sought and received another extension of time relative to his response. ECF Nos. 67, 75, 83, 84. Ultimately, the Court granted the DOC Defendants' motion to dismiss in part and gave Plaintiff leave to amend certain claims by March 25, 2022. ECF No. 88, 89. Plaintiff successfully extended his deadline for amendment to April 27, 2022, but never filed a second amended pleading. ECF No. 91, 92, 93.

By July of 2023 the case was finally postured for Rule 56 motions practice, as discussed above. But because of Plaintiff's continuing failure to meaningfully defend his claims, the Defendants' motions remain unresolved. On balance, Plaintiff's history of dilatoriness weighs in favor of dismissal.

*Whether the Plaintiff's Conduct Was Willful or in Bad the filing of Faith*

It appears that, at least since July 2023, Plaintiff's failure to timely respond to the Defendants' motions has been entirely within his own control and, therefore, presumably willful. Plaintiff is now residing outside of prison and there is no indication that he intends to further prosecute this case. Although the Court does not necessary infer bad faith motives on Plaintiff's part, the Court does view his delay as willful, and this factor further justifies the dismissal of his claims.

*The Effectiveness of Lesser Sanctions*

Plaintiff is proceeding *pro se* and *in forma pauperis*; therefore, there are no other appropriate sanctions other than dismissal. *See Riley v. Sec'y Pennsylvania Dep't of Corr.*, 536 F. App'x 222, 226 (3d Cir. 2013); *see also Briscoe v. Klaus*, 538 F.3d 252, 262-263 (3d Cir. 2008). Here again, this factor favors dismissal.

*The Merit of Plaintiff's Claims*

Given the absence of any response to the Defendants' Rule 56 motions, the Court cannot definitively determine whether some or all of Plaintiff's claims might have ultimately been proven.  However, Defendants' pending motions are well supported by references to the evidentiary record and citations to controlling law.  The DOC Defendants have plausibly shown that they are entitled to a summary judgment on numerous grounds, *to wit*:  (i) Plaintiff has failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. §1997e(a); (ii) Plaintiff failed to establish Defendant Smock's personal involvement in any unconstitutional conduct; (iii) Plaintiff failed to establish deliberate indifference on the part of Defendants Santos and Smock; (iv) Plaintiff's medical records do not support his alleged injuries, nor do they establish deliberate indifference on the part of Defendants Smock and Ennis, nor do they show that an alleged lack of medical treatment caused him further injury; and (v) Defendants Smock and Ennis cannot be held liable, in any event, for failing to intervene in Plaintiff's medical care.  Like the DOC Defendants, Defendant Hartwell has plausibly argued several bases for entry of a summary judgment, *i.e.*:  (i) the medical records show that she was thoroughly attentive to Plaintiff's medical needs and provided treatment as was medically necessary, thereby precluding a showing of deliberate indifference on her part; (ii) the medical records do not support Plaintiff's claimed injuries and alleged medical needs; (iii) Plaintiff's Fourteenth Amendment claims are barred by the "Explicit Source" rule; (iv) Plaintiff's First Amendment "access to courts" claim fails because he has no constitutional entitlement to an administrative grievance process and cannot show he suffered any prejudice from a denial of access to the prison law library; and (v) Plaintiff failed to exhaust his administrative remedies relative to any claims arising from events that occurred after July of 2019.  *See* ECF Nos. 116-

8

119 and 120-122.  Based on the Court's review of the summary judgment record, the Defendants have satisfied their initial Rule 56 burden of "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which [they believe] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Plaintiff's failure to respond to the motions suggests that he has abandoned his claims, perhaps because he recognizes that they lack merit.  *See Lawson v. Barger*, No. 1:17-cv-97, 2018 WL 6524382, at *3 (W.D. Pa. Oct. 12, 2018) (plaintiff's failure to address arguments raised in a motion to dismiss warranted inference that plaintiff had abandoned those claims), *report and recommendation adopted*, 2018 WL 6523179, at *1 (W.D. Pa. Dec. 12, 2018); *Lada v. Delaware Cty. Community College*, Civil Action No. 08–cv–4754, 2009 WL 3217183, at *10 (E.D. Pa. Sept. 30, 2009) (observing that "plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested).  To that end, the Court notes its December 10, 2019 Memorandum Order denying Plaintiff's request for a temporary restraining order or preliminary injunction.  Therein, the Court stated the following, based on evidence received:

> First, Plaintiff has failed to demonstrate a likelihood of success on the merits of his claim. . . .  The gravamen of Plaintiff's complaint is an Eighth Amendment claim that Defendants have displayed deliberate indifference to his serious medical needs. . . .  However, the credible testimony of Nurse Jerri Smock and Dr. Lisa Baird strongly suggests that Plaintiff's alleged inability to walk is volitional rather than the result of an underlying pathology.  It is therefore unlikely that Plaintiff will be able to establish a serious medical need relative to his alleged inability to ambulate.  In addition, the record shows that Plaintiff has received constitutionally adequate medical care in response to his complaints, including numerous forms of testing and Tylenol.  Although Plaintiff believes that more testing should be ordered, his "mere disagreement" with Defendants "as to the proper medical treatment does not support a claim of an eighth amendment violation[.]"  *Pearson*

*v. Prison Health Serv.,* 850 F.3d 526, 535 (3d Cir. 2017) (internal quotation marks and citation omitted).

> Second, Plaintiff has not shown any likelihood that he will suffer irreparable harm in the absence of injunctive relief. The credible evidence suggests that Plaintiff's neurological and musculoskeletal functioning is intact, and he can ambulate adequately when he so chooses. Plaintiff has been given Tylenol to address complaints of pain. Defense counsel has agreed to investigate Plaintiff's complaints about his lack of shower access. Defense counsel will also ensure that Plaintiff has access to such legal materials as are permissible in the RHU. Accordingly, Plaintiff's most exigent needs have been met.

ECF No. 4 at 2.

In any event, no single *Poulis* factor is totally dispositive. On balance, the totality of considerations weighs heavily in favor of dismissal.

### III.    CONCLUSION

Based upon the foregoing reasons, the Court will dismiss this case, pursuant to Federal Rule of Civil Procedure 41(b), based upon Plaintiff's failure to prosecute his claims.

An appropriate Order follows.

                                                         Susan Paradise Baxter
                                                         United States District Judge